PER CURIAM.
Capital Collateral Regional Counsel for the Southern Region of Florida (CCRC-South) appeals the trial court’s denial of its motion to withdraw as counsel for Daniel Eugene Remeta, who is scheduled to be executed on March 31, 1998. We affirm the denial.
In February 1998, Remeta moved to intervene in a pending federal section 1983 action in which a number of defendants were seeking to have the electric chair declared to be an unconstitutional method of punishment. Thereafter, Remeta’s counsel, CCRC-South, moved to withdraw in that action. On February 20, 1998, United States District Court Judge Robert Hinkle denied the motion to intervene based on the motion to withdraw filed by CCRC-South. On that same date, Judge Hinkle issued summary judgment in. favor of the State in that action. Prior to the issuance of that summary judgment, the State filed a petition for writ of quo warranto in this Court seeking to prevent Remeta and others from proceeding with the federal section 1983 action or with any other civil action. See State ex rel. Butterworth v. Kenny, No. 92,343 (Fla. Petition filed Feb. 11, 1998). On February 18, 1998, Remeta’s counsel also moved to withdraw in this case, asserting that a conflict of interest had been created by statements and questions from members of the Commission on the Administration of Justice in Capital Cases (oversight committee) regarding Remeta’s petition to intervene in the federal section 1983 litigation. The trial judge denied that motion, and CCRC-South has appealed that denial.
We accept jurisdiction only because Reme-ta is under an active death warrant and scheduled for execution on March 31, 1998. Otherwise, we would dismiss this cause for want of jurisdiction as an unauthorized attempt to appeal a non-appealable order.
In this appeal, CCRC-South has asserted that questions asked by the oversight committee have created a conflict of interest in its representation of Remeta and the representation of its other clients. We find this assertion to' be without merit. As noted by the trial judge, if the facts as set forth by CCRC constitute conflict, the entire legal system would collapse because there is not a public defender who does not have the same asserted “conflict.” Every government official must account to some governing body as *720 to how it allocates it resources. Under section 27.709(2), Florida Statutes (1997), the oversight committee is, in pertinent part, directed to
review the administration of justice in capital collateral eases, receive relevant public input, review the operation of the capital collateral regional counsel, and advise and make recommendations to the. Governor, Legislature, and Supreme Court. ■
We find that the oversight committee was doing nothing more than carrying out its statutory duties.
Accordingly, we affirm the trial court’s order denying the motion to withdraw.
It is so ordered.
OVERTON, SHAW, HARDING, WELLS and PARIENTE, JJ., concur.
KOGAN, C.J., and ANSTEAD, J., concur in result only.